[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13036
_____

D.C. Docket No. 4:12-cv-00398-RH-CAS

WALTER E. WILSON,

Plaintiff-Appellant,

versus

LARRY CAMPBELL,
in his official capacity as Sheriff of Leon County, Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 11, 2014)

Before CARNES, Chief Judge, DUBINA and SILER,[*] Circuit Judges.

PER CURIAM:

_____

[*] Honorable Eugene E. Siler, United States Circuit Judge for the Sixth Circuit, sitting by designation.

Having studied the briefs and the relevant parts of the record and having had the benefit of oral argument, we affirm summary judgment in favor of the Sheriff on the grounds set out by the district court on pages 47 – 68 of the transcript of the hearing on the motion for summary judgment.   As counsel for Mr. Wilson noted at the end of that proceeding, the district court' explanation of its ruling was "very thorough."

Through his counsel, Mr. Wilson has offered us a number of arguments against the judgment, but none of them persuade us that summary judgment should not have been entered against his claim.  We add our voice to the district court's on two points.  One is that the Sheriff bent over backwards not to put Mr. Wilson in a lower paying position and kept from doing so as long as he responsibly could.  We agree with the district court that the Sheriff acted properly and generously as "one would hope and expect an enlightened employer to do," and nothing he did is properly subject to criticism.

The other point that we would second is the district court's finding,  that Mr. Wilson is "by all accounts a dedicated public servant," who wants to keep working in as responsible and challenging position as he can.  The mental impairments, the "very substantial cognitive deficits" that the objective medical tests show that Mr. Wilson has, were caused by a tumor, seizures, and a stroke, which are not things for which he is being faulted.  The issue in this lawsuit is not who, if anyone, is at

fault for those disabilities.  Instead, the issue is whether the law permitted the Sheriff to demote Mr. Wilson from the position of corrections officer because of serious concerns about whether someone with his disabilities could perform the duties of that position, particularly in an emergency or crisis.  We agree with the district court's resolution of that issue and affirm its judgment.

**AFFIRMED.**